* SAMUEL PALMER, *Appellee, v.* THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

No. 11,393.

HEADNOTE BY THE REPORTER.

CONTRIBUTORY NEGLIGENCE — *Dangerous Crossing — Failure to Look and Listen.* Where a traveler, approaching a dangerous crossing at the rate of from six to eight miles an hour, where the track is obstructed, fails to stop to look or listen, and drives upon the track and is injured, he is guilty of contributory negligence, barring recovery.

Appeal from Sumner district court.   Opinion filed April 7, 1900.   Reversed.

*M. A. Low,* and *W. F. Evans,* both of Topeka, for the appellant.

*James A. Ray,* of Kansas City, Mo., and *W. W. Schwinn,* of Wellington, for the appellee.

*Per Curiam:* Samuel Palmer had his arm broken and injured in a collision with a locomotive at a railroad crossing in the city of Caldwell.   He alleged that

*NOTE.—This case was not officially reported (61 Kan. 860, 60 Pac. 736) when the opinion was filed, and is reported here because it is cited in the case of *Denton v. Railway Co.,* ante, p. 51.

it resulted from the failure of the railway company to give proper signals. The company claims that it was caused by his own contributory negligence. It occurred on Walnut street, which crosses the switch yards where there are eight railroad tracks about thirteen feet apart, and when there were cars standing on all the tracks except the main line. Walnut street runs east and west, and Palmer approached the main track from the east and crossed six sidetracks before he reached the main track, on which he was hurt. The sidetracks on the north side of the street were occupied by box cars up to and intruding into the street, which completely obscured his view northward. The locomotive which struck him came from the north, and approached the crossing at the rate of from six to eight miles an hour, and the plaintiff, without stopping to listen, or even look in that direction, drove upon the main track, and when the team had passed over and the wagon was on the track it was struck by the locomotive, throwing Palmer out and injuring his arm. The crossing was an exceedingly dangerous one because of the obstructions to his view as he approached the crossing, and it was rendered more so by the noises made by his wagon running over the sidetracks and by a switch engine which was operating in the south end of the yards, near by, as well as by a mill which was running in the vicinity. The plaintiff had crossed the yards a few minutes before the collision, in going to the mill, and when he returned was therefore familiar with the situation and the existing conditions. He did not look in the direction from which the locomotive came before going upon the main track, and could not have seen it if he had looked until he was so close to the track as to be in danger. With all these obstructions to sight and hearing, he took no precautions to learn whether there was a present danger in crossing. The dictates of ordinary prudence required him to come to a halt when he approached

the main track that was open for the passage of cars, and to listen and ascertain if a locomotive or train was approaching, and whether there was danger or not. Upon the findings of the jury and within the principles enunciated in *Railroad Co. v. Willey,* 60 Kan. 819, 58 Pac. 472, it must be held that the injury was the result of his own want of care.

The judgment of the district court will be reversed and the cause remanded with direction to render judgment in favor of the defendant upon the special findings of the jury.